UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20390-CR-BLOOM

UNITED STATES OF AMERICA

vs.

GERTI MUHO,
        Defendant.
_____

## GOVERNMENT MOTION TO DETERMINE DEFENDANT'S COMPETENCY

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully moves this Court to order that Defendant Muho undergo a psychological and psychiatric evaluation under 18 U.S.C. § 4241(b) and thereafter, conduct a competency hearing under 18 U.S.C. §§ 4241(a) and 4247(d).

    **I.**     **PROCEDURAL BACKGROUND**

On May 26, 2016, a federal grand jury sitting in Miami, FL, returned a 36-count indictment charging Defendant Muho with the following: bank fraud, in violation of 18 U.S.C. § 1344(1) and (2) (Counts 1-17); wire fraud and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Counts 18-19); and aggravated identify theft, in violation of 18 U.S.C. § 1028A (Counts 20-36) (DE 7). Because Defendant Muho was arrested in the Eastern District of New York (DE 11), he was not arraigned in this District on the above-described indictment until July 7, 2016 (DE 26). Defendant Muho remains in pre-trial detention, with a $250,000 corporate surety bond (DE 22).

On July 11, 2016, this Court entered a protective order regarding discovery (DE 29). Thereafter, the Government provided the defense with discovery, which involves thousands of

pages of documents and other sensitive materials (DE 32, 38).  This Court has now scheduled trial to begin on November 8, 2016 (DE 40).

Michael J. Rosen served as Defendant Muho's initial defense counsel (DE 25).  On August 4, 2016, Mr. Rosen filed a written motion to withdraw (DE 34).  In his motion, Mr. Rosen detailed various client meetings and stated that Defendant Muho "refused to discuss the discovery on either occasion, or the case" (id. at 2).  Mr. Rosen also noted a "complete inability to communicate (a refusal to discuss the case and the evidence); a directly stated complete lack of trust in [c]ounsel's advice; and a total inability to represent Mr. Muho to minimum standards of representation, not to mention standards far higher to which undersigned holds himself"(id. at 3).

On August 8, 2016, this Court held a hearing and granted Mr. Rosen's motion (DE 36, 37).  The Court appointed Silvia B. Pinera-Vazquez as Defendant Muho's new counsel (DE 37).  Upon receiving the case discovery back from Mr. Rosen, the Government promptly provided it to Ms. Pinera-Vazquez.

On September 7, 2016, Ms. Pinera-Vazquez filed a written motion to withdraw (DE 41).  Ms. Pinera-Vazquez motion details various client meetings and notes that Defendant Muho has "refused to discuss the case" and "lost trust in undersigned counsel and specifically stated he [does] not want counsel to represent him" (id. at 2).  Additionally, "Mr. Muho has specifically discharged [Ms. Pinera-Vazquez] from representing him" (id. at 3).

II.     **ARGUMENT**

Defendant Muho's refusal to engage two (2) different defense counsel, coupled with his voluminous *pro se* pleadings in various civil cases,[1] now raise serious concerns as to Defendant

---

[1] Starting in 2014, Defendant Muho began filing a series of *pro se* civil pleadings, in the Southern District of Florida and elsewhere, involving certain subject matter that, in part, is

Muho's competency to stand trial and ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, it appears likely that Defendant Muho will attempt represent himself *pro se*. Based on the foregoing, the Government respectfully requests that this Court order that Defendant Muho undergo a psychological and psychiatric evaluation under 18 U.S.C. § 4241(b). Thereafter, the Court should conduct a competency hearing under 18 U.S.C. §§ 4241(a) and 4247(d).

## *Competency to Stand Trial*

Upon motion from the Government or the defense, courts are required to order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Additionally, "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b).

"Every defendant has a substantive fundamental right under the Due Process Clause not to be tried or convicted while incompetent." United States v. Wingo, 789 F.3d 1226 (11th Cir. 2015) (citing Cooper v. Oklahoma, 517 U.S. 348, 354, 363 (1996)). The standard of competency required for a defendant to plead guilty or proceed to trial is the same. See United States v.

---

related to his charged criminal conduct. The SDFL civil case numbers include: 14-20568-CV-MOORE (dismissed 2/18/14); 15-21396-CV-WILLIAMS (dismissed 12/4/15); 15-24622-CV-COOKE (dismissed 12/17/15); and 15-23884-CV-LENARD (still pending). In case number 14-20568-CV-MOORE, Judge Moore's dismissal order described Muho's complaint as "incoherent and incomprehensible." In Southern District of New York bankruptcy court case number 13-13098, Muho was found in contempt for filing his SDFL civil complaint in 15-21396-CV-WILLIAMS. In 15-21396-CV-WILLIAMS, Judge Williams's dismissal order also noted Muho's "vexatious and harassing history of re-litigating the same issue . . . ."

Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014). "'The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'" United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

At competency hearings, "[i]n performing its fact-finding and credibility functions, a district court is free to assign greater weight to the findings of experts produced by the Government than to the opposing opinions of the medical witnesses produced by the defendant." United States v. Frank, 933 F.2d 1491, 1494 (9th Cir. 1991) (upholding district court's reliance on Government experts and rejection of defense experts' testimony that defendant was purportedly "incompetent as a result of major depression, mental retardation, or borderline intelligence"); see also United States v. Izquierdo, 448 F.3d 1269, 1279 (11th Cir. 2006) ("expert opinion as to competency is not binding on the trier of fact if there is reason to discount it"). "Section 4241(c) provides that the competency hearing must conform to the provisions of § 4247(d), which states that the defendant 'shall be represented by counsel' and 'shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.'" United States v. Johns, 390 Fed. Appx. 963, 970 n.4 (11th Cir. Aug. 6, 2010) (unpub. op.) (quoting 18 U.S.C. §§ 4241(c) and 4247(d)).

*Competency & Proceeding Pro Se*

Criminal defendants enjoy a Sixth Amendment right to proceed *pro se*; however, that right is not absolute. See Indiana v. Edwards, 554 U.S. 164, 171-72 (2008); Faretta v. California, 422 U.S. 806, 807 (1975). To successfully invoke their Faretta rights, defendants must make a

4

timely, unequivocal, voluntary, and intelligent request to proceed *pro se*.  See, e.g., Nelson v. Alabama, 292 F.3d 1291, 1295 (11th Cir. 2002).  Once a defendant properly invokes their Faretta rights, trial courts must determine whether the defendant is knowingly and intelligently forgoing the right to counsel.  Courts are not required to follow a particular script or formula.  See Iowa v. Tovar, 541 U.S. 77, 88 (2004).  However, "[t]he ideal method of assuring a voluntary waiver is for the trial judge to conduct a pre-trial hearing at which the defendant would be informed of the charges, basic trial procedures, and the hazards of self-representation."  Strozier v. Newsome, 926 F.2d 1100, 1104 (11th Cir. 1991).

Generally, courts examine eight (8) factors to ascertain whether a defendant's right to counsel waiver is knowing and voluntary.  These factors include: 1) the defendant's age, education, and physical and mental health; 2) the defendant's pre-trial contact with attorneys; 3) the defendant's knowledge of the nature of the charges, possible defenses, and penalties; 4) the defendant's understanding of procedural rules, evidence, and courtroom decorum; 5) the defendant's experience in criminal trials; 6) whether standby counsel has been appointed, including the extent to which standby counsel has aided the defendant; 7) any mistreatment or coercion of the defendant; and 8) whether the defendant is attempting to manipulate events.  See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065-67 (11th Cir. 1986).

Understandably, legally incompetent defendants cannot represent themselves.  Thus, "[b]efore permitting a defendant to waive counsel, the trial court must be satisfied that the defendant is competent to stand trial."  United States v. Turner, 644 F.3d 713, 721 (8th Cir. 2011) (citing Godinez v. Moran, 509 U.S. 389, 400 (1993)).  For defendants invoking their Faretta rights, post-Edwards, courts are now required to determine whether defendants are 1) competent under Dusky; and 2) competent to conduct their own defense.

5

If a court deems a defendant competent to stand trial pursuant to Dusky, and the defendant still demands self-representation, "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." Edwards, 554 U.S. at 177-78. The Edwards Court refused to articulate a specific, different standard for examining whether defendants are competent to conduct their own defense. Id. at 176-178 (noting that trial judges "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant"). Nonetheless, Edwards permits judges to impose defense counsel "for those competent enough to stand trial under Dusky but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." Id. at 178.

**WHEREFORE,** based on the foregoing, the United States respectfully requests that its motion be granted.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   *s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney
Court ID No. A5501121
99 NE 4th Street, 8th Floor
Miami, FL 33132
Phone: (305) 961-9013

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney