UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

United States of America,
    Plaintiff,
v.                                                                          Case No.: 16-cr-20390-BB-1

Gerti Muho
    Defendant.
_____

## DEFENDANT'S MOTION TO PROCEED
## *PRO SE* AND HAVE DAVID HARRIS ESQ AS STANDBY COUNSEL

COMES NOW THE Defendant Gerti Muho, by and through his undersigned counsel, files this his Motion to Proceed *PRO SE* and have stand by counsel and states as follows:

On the above date and time or as directed by the court, the defendant will move for recognition by the court to proceed *pro se* in his defense of himself at trial. The defendant will show this is desired by him, that he is capable, that the ends of justice will be served, the conduct of the court's business will not be hindered, and is in fact entirely appropriate. Given the complexity of this case with thirty seven (37) pending charges, the Defendant believes it will best serve his interest to act pro se in this matter going forward with stand by counsel available.

## STATEMENT OF THE FACTS

The defendant is approximately 34 years of age and a law school graduate from U.C. Berkeley law school in 2012. He is charged with various offenses of illegal financial transactions, many of which relate to a complicated business relationship with the Defendant's previous employer. The evidence is complex and voluminous, involving numerous witnesses. After the Defendant's arrest, when appearing before the Honorable Judge Bloom, the defendant indicated his wish to replace his first counsel and second, a court appointed counsel, with undersigned counsel whom has been retained mere weeks before trial. If allowed to

proceed pro se, Mr. Muho can argue motions as he believes necessary for his defense and examine witnesses, particularly experts that will enhance, advance, and expedite his own case. He has not, nor will he, be disruptive to the proceedings acting pro se.

## A DEFENDANT'S RIGHT TO REPRESENT SELF

A defendant has the right, under the Sixth and Fourteenth Amendments to the U.S. Constitution, to represent him or herself. *Faretta v. California* (1975) 422 U.S. 806, 835, 95 S. Ct. 2525. The *Faretta* Court noted that forcing a defendant to accept counsel "can only lead him to believe that the law contrives against him". Id. at 834.

The *Faretta* decision explores at length the history and underpinnings of this recognition of self- representation as a fundamental right. In the federal courts, the right of self-representation has been protected by statute since the beginnings of our nation. Section 35 of the Judiciary Act of 1789, I Stat. 73, 92 provided that "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel." *The Faretta* court noted the right as codified in 28 U.S.C. 654. This right in *Snyder v. Massachusetts* at 291 U.S. 97, 106 is referenced in recognizing that a defendant's presence and assistance ". . .to give advice or suggestion or even to supercede his lawyer altogether and conduct the trial himself." *United States v. Plattner*, 330 F.2d 271, 274 recognized "the absolute and primary right to conduct one's own defense in propria persona" and "the right of the accused personally to manage and conduct his own defense in a criminal case."

The *Faretta* court noted in reaching it conclusions ". . It is not inconceivable that in some rare instances, the defendant might, in fact, present his case more effectively by conducting

2

his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be the one personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' *Illinois v. Allen*, 397 U.S. 337, 350-351.

As the language of the cases makes clear, the basis of a defendant's right of representation is to "be assisted by counsel" and "to manage and conduct his own defense." The right is not necessarily exclusive of the assistance of a lawyer. In fact it is commonplace to provide stand by counsel to assist a defendant in his self-representation. As a general rule, appointment of stand by counsel to assist a proper defendant is usually permitted and sometimes strongly urged.

## DEFENDANT MUHO'S RIGHT OF CONFRONTATION AND RIGHT OF SELF REPRESENTATION MUST PREVAIL

Defendant Muho has his right to confront supposed criminal conduct alleged against him. The generalized series of cases in opposition to self-representation discuss the denials or limitations sometime imposed in situations where a typically lay defendant opts for self-representation as a disruptive tactic or undue burden on the court or judicial process. These scenarios are usually situations where a defendant acts out inappropriately in court or doesn't know court procedure; lacking on understanding of applicable law or the concepts or the rules of evidence. It is also seen where just before or during jury trial a defendant's demands to discharge counsel and represent himself, causing or threatening a delay, continuance, or mistrial. There should be no such concerns here as no continuance is being sought.

3

## CONCLUSION

The ends of justice will be served by recognition of defendant Muho acting pro se with undersigned counsel David S. Harris acting as stand by counsel and the conduct of the court's business would not be hindered in the least.

WHEREFORE, the Defendant respectfully requests this Honorable Court to enter its Order permitting Defendant Muho to act as pro se in his own defense with David S. Harris serving as the Defendant's stand by counsel.

Law Offices of David S. Harris
6431 SW 39 Street
Miami, FL 33155
Ph: 786-306-7278
Fax: 305-667-9044

/s/ David S. Harris
David S. Harris, Esq.
Bar No. 0112739

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by cm/ecf on the  31st  day of January, 2017 to: U.S. Assistant State Attorney, Sean McLaughlin, Esq.

/David S. Harris
David S. Harris, Esq.
DAVID S. HARRIS, ESQ.
LAW OFFICES OF DAVID S. HARRIS
FLORIDA BAR NO: 112739
6431 S.W. 39th Street
Miami, Florida 33155
Phone: (305) 6679043
Fax : (305) 6679044
davidharris@att.net

United States of America,
Plaintiff,
v.                                                              Case No.: 16-cr-20390-BB-1

Gerti Muho,
Defendant.
                                                          /

## **DEFENDANT'S SUPPLEMENTAL MEMORANDUM RE: PRO SE STATUS**

The situation present here is summarized as follow:

1. The defendant is a graduate with a law degree from U.C. Berkeley law school.

2. Defendant's counsel is retained and consents to serving as defendant's stand by co-counsel.

3. Defendant understands that any errors he himself commits will not be excused based on

    the responsibility of primary counsel.

4. The defendant's involvement will not be disruptive or distracting.

Dated:

January 31, 2017.


Respectfully submitted,

_____
Gerti Muho

8