UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>16-20390-CR-BLOOM(s)</u>

UNITED STATES OF AMERICA

vs.

GERTI MUHO,
         **Defendant.**

_____

### GOVERNMENT RESPONSE TO DEFENDANT MUHO'S MOTION TO PROCEED PRO SE & HAVE STANDBY COUNSEL

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully filed its response to Defendant Muho's Motion to Proceed *Pro Se* and Have Standby Counsel (DE 90). The Government hereby respectfully moves this Court to hold a <u>Faretta</u> inquiry to ensure that Defendant Muho has knowingly, voluntarily, and intelligently elected to proceed *pro se* at his upcoming criminal trial.

**I.      PROCEDURAL BACKGROUND**

On May 26, 2016, a federal grand jury sitting in Miami, FL, returned a 36-count indictment charging Defendant Muho with the following: bank fraud, in violation of 18 U.S.C. § 1344(1) and (2) (Counts 1-17); wire fraud and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (Counts 18-19); and aggravated identify theft, in violation of 18 U.S.C. § 1028A (Counts 20-36) (DE 7). Defendant Muho was later charged via a 37-count superseding indictment also alleging violations of 18 U.S.C. § 1344, 1343, and 1028A (DE 46).

On July 11, 2016, this Court entered a protective order regarding discovery (DE 29). Thereafter, the Government has continually provided the defense with discovery, which involves thousands of pages of documents and other sensitive materials (DE 32, 38, 45, 57, 65, 68, 77,

1

93).  This Court has now scheduled trial to begin on February 21, 2017 (DE 63).

Michael J. Rosen served as Defendant Muho's initial defense counsel (DE 25).  On or about August 4, 2016, Mr. Rosen filed a written motion to withdraw (DE 34).  On or about August 8, 2016, this Court held a hearing and granted Mr. Rosen's motion (DE 36, 37).  The Court appointed Silvia B. Pinera-Vazquez as Defendant Muho's new counsel (DE 37).

On or about September 12, 2016, upon motion from the Government, this Court ordered Defendant Muho to undergo a competency evaluation (DE 43, 48).  The next day, the Court denied Ms. Pinera-Vazquez's earlier request to withdraw as Defendant Muho's attorney (DE 41, 51).  On or about January 5, 2017, David Scott Harris filed a notice of appearance and motion for substitution of counsel (DE 59).  On or about January 9, 2017, the Court granted this request.  That same day, the Court conducted a competency hearing pursuant to 18 U.S.C. §§ 4241(a) and 4247(d) and found that Defendant Muho was competent to stand trial (DE 62)

On or about January 31, 2017, after a complete breakdown in plea negotiations between the parties, Mr. Harris filed a motion indicating that Defendant Muho now intends to proceed *pro se*, with Mr. Harris serving as standby counsel (DE 90).  Defendant Muho claims that he "can argue motions as he believes necessary for his defense and examine witnesses, particularly experts that will enhance, advance, and expedite his own case . . . . [and] has not, nor will he, be disruptive to the proceedings acting pro se" (id. at 2).

II.     ARGUMENT

A defendant has a constitutional right to proceed without counsel when he knowingly, voluntarily, unequivocally, and intelligently elects to do so.  See Faretta v. California, 422 U.S. 806 (1975); but see Cross v. United States, 893 F.2d 1287, 1292 (11th Cir. 1990) (noting that defendants do not have a right to hybrid representation and that "there is no constitutional right

for a defendant to act as co-counsel"). Before allowing a defendant to waive the benefit of counsel, courts should make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 834 (citations and quotations omitted). Nonetheless, a defendant's right to self-representation "does not include a right 'to abuse the dignity of the courtroom[,]' to avoid compliance with the 'relevant rules of procedural and substantive law[,]' or to engage in "serious and obstructionist misconduct[.]'" Gill v. Mecusker, 633 F.3d 1272, 1293 (11th Cir. 2011) (quoting Faretta, 422 U.S. at 834-35, n.46).

The U.S. Court of Appeals for the Eleventh Circuit has listed eight (8) factors to consider in assessing whether or not a defendant knowingly waived his right to counsel: 1) the defendant's age, educational background, and physical and mental health; 2) the extent of defendant's contact with lawyers prior to trial; 3) the defendant's knowledge of the nature of charges, possible defenses, and statutory penalties; 4) the defendant's understanding of rules of procedure, evidence, and courtroom decorum; 5) the defendant's experience in criminal trials; 6) whether standby counsel was appointed and the extent to which that counsel [can aid] the defendant; 7) any mistreatment or coercion of defendant; and 8) whether the defendant was trying to manipulate the events of the trial. United States v. Cash, 47 F.3d 1083, 1088 (11th Cir. 1995); see also Strozier v. Newsome, 926 F.2d 1100, 1108 (11th Cir. 1991) ("To avoid ambiguity in the future in direct appeals and collateral challenges, the state or federal trial court should conduct a searching pre-trial inquiry to determine whether a waiver is knowing and intelligent").

Given the defense's recent pleadings (DE 75, 76, 86, 89, 92), the Government remains especially concerned about the fourth and eighth Cash factors. These pleadings, purporting to be

3

authored by Mr. Harris, contain the same baseless, inflammatory content and accusations, almost verbatim, raised by Defendant Muho in his failed *pro se* civil and bankruptcy pleadings in this District, the Southern District of New York, Northern District of California, State of Florida, State of Deleware, and Miami-Dade County.  See Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1327 (11th Cir. 2002) ("an attorney should not be an unreflecting conduit through which the opinions or desires of a client or witness are permitted to flow unchecked").

The next scheduled hearing in this case is set for 2:30 p.m. on February 3, 2017 (DE 74). The Government respectfully requests that a Faretta inquiry be conducted at this time. Moreover, should the Court grant Defendant Muho's motion to proceed *pro se* (DE 90), there will be a number of administrative and procedural issues to plan for and address, including but not limited to, the following: 1) how discovery and discovery conferences will be handled, especially in light of Defendant Muho's charged conduct and custody status and the Court's protective order (DE 29); 2) what motions, if any, remain pending and when and how those hearings will be conducted; 3) how pre-trial motions practice and other communications between the parties will occur; and 4) how stipulations, voir dire, jury instructions, witness lists, exhibit lists, and other trial matters will be handled.  Based on the foregoing, the Court may also need to briefly continue the current trial setting of February 21, 2017 (DE 63) in order to best accommodate Defendant Muho's *pro se* status and serve the ends of justice under the Speedy Trial Act.

**WHEREFORE,** based on the foregoing, the United States respectfully requests that its motion for a <u>Faretta</u> inquiry be granted.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  *s/ Sean T. McLaughlin*
     SEAN T. McLAUGHLIN
     Assistant United States Attorney
     Court ID No. A5501121
     99 NE 4th Street, 8th Floor
     Miami, FL 33132
     Phone: (305) 961-9013

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney