UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case NO. 16-20390-cr-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff

vs.

GERTI MUHO,
    a/k/a "Gerard Peter Morgan"
    a/k/a "Enton Pinguli"
    a/k/a "Kris Blair,"

    Defendant.
_____/

MOTION TO DISMISS INDICTMENT WITH PREJUDICE
FOR VIOLATION OF SPEEDY TRIAL ACT
18 U.S.C. § 3161-3174

COMES NOW, Defendant Gerti Muho ("Defendant") and respectfully moves the Court to dismiss the indictment in this matter with prejudice for egregious violations of the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq*.

## INTRODUCTION

Because the Speedy Trial Act requires the government to take a case to trial within seventy days of the defendant's first post-indictment appearance before a judicial officer (§ 3161(c)(1) of the Speedy Trial Act), and because this requirement has been intentionally flouted without legal justification, the indictment should be dismissed.

The sole open issue for consideration is whether the dismissal should be with or without prejudice, and Defendant respectfully argues that the only justiciable outcome is the former remedy of a complete termination of the action.

-1-

STATEMENT OF FACTS

Less than one month after the indictment in this matter (DE7), Defendant's first appeared before a judicial officer -- Magistrate Judge Patrick M. Hunt -- on June 17, 2016. The initial indictment contained counts for bank fraud, wire fraud and aggravated identity [sic] theft (id.)

After the indictment, the government began a course of conduct designed to convince the Defendant to cooperate in another, separate, high profile prosecution. (See, Harris declaration, attached hereto.) Indeed, although the Court set trial dates for June 16, 2016 and then July 7, 2016, the government has engaged in a practice of interposing frivolous delay tactics while keeping Defendant incarcerated so as to induce his cooperation. (DE18,22.) Among other things, the government has moved for protective orders and delayed the production of evidence pursuant to the standing discovery order, inducing the Defendant to stipulate to trial continuances in order to secure documents establishing the baseless nature of the indictment (DE26-32,38) and resulting in him having to replace counsel (DE37).

Nevertheless, and despite the government's continual delays in responding to the standing discovery order, the Court eventually set the trial to begin on November 14, 2016. Realizing that it had no real trial case against Defendant and desperately seeking his cooperation, the government then filed a frivolous motion for order of

competency to stand trial so as to delay the matter and while Defendant remained incarceration. (See, Harris declaration.) And it then filed a virtually identical superseding indictment which added a single count of "identity [sic] theft" (DE46:23-27). The only changes in the superseding indictment involved new references to "Sera Group LLC" (DE46:5), to "shell companies" (DE46:6) and to "real persons C.F." (DE46:17).

At that point, the government remained unable to obtain Gerti's cooperation and knew it faced problems establishing its case. So it continued to stall during multiple delays pursuant to its baseless competency evaluation as well as its evasion of the standing discovery order. This resulted in problems with Defendant's counsel and additional delays. After the government provided seven responses to the standing discovery order, Defendant was nevertheless forced to file a motion for discovery due to the government's obvious suppression of evidence. (DE65,68,75,77; see Harris declaration.) The trial is currently set for February 21, 2017 (DE63), more than 240 days after the Defendant's first appearance in this matter.

## ARGUMENT

I.  Applicable Standards

    A.  In General

The Speedy Trial Act of 1974 ("Act") establishes specific time limits for completing key stages of a federal

criminal prosecution. 18 U.S.C. §§ 3161-3174. Among other things, the Act requires the trial to begin within seventy days of the filing of the information or indictment, or within seventy days of the date the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); see, e.g., United States v. Wilkerson, 170 F.3d 1040, 1042 n. 1 (11th Cir. 1999) (70-day time limit began on date defendant's first court appearance, which occurred after indictment)./1

      B.    Triggering Of Speedy Trial Clock

The time limitation is triggered when the defendant appears in the court where the charges are pending. See, United States v. Wilkerson, 170 F.3d 1040, 1042 (11th Cir. 1999) (70-day time limit began running on date defendant actually brought before judicial officer).

      C.    Superseding Indictment Does Not Restart Clock

The filing of a superseding indictment for offenses charged or required to be joined with those charged does not affect the seventy-day time limit. See, United States v. Jones, 601 F.3d 1247, 1254 (11th Cir. 2010) (superseding indictment did not restart 70-day limit even when new charges were added); United States v. Milstein, 401 F.3d 53,

---

1/ The day of the triggering event is excluded from calculation of the seventy-day time limit. See, e.g., United States v. Harris, 376 F.3d 1282, 1288 (11th Cir. 2004) (date of pending pretrial motions excluded from 70-day time limit).

67 (2d Cir. 2005) (supserseding indictment did not restart 70-day time limit because it merely added jurisdictional allegations; <u>United States v. Berry</u>, 90 F3d 148, 151 (6th Cir. 1996) (superseding indictment did not restart 70-day time limit when predicated on same acts as earlier indictment).

      D.    Separate Duty To Try Case During Detention

Trial must generally begin within ninety days of the government's detaining a defendant who is solely awaiting trial. 18 U.S.C. § 3164(a)-(c); <u>see also</u>, e.g., <u>United States v. Shaid</u>, 730 F.2d 225, 233 (5th Cir. 1984) (90-day maximum confinement rule not violated because delay attributed to defense motions and apparent complexity of case improperly excluded from computation); <u>United States v. Thomas</u>, 49 F.3d 253, 257-58 (6th Cir. 1995) (90-day maximum confinement rule not violated because delay attributable to filing and resolution of pretrial motions; delay excludable for purposes of 70-day trial limit also excludable for purposes of 90-day detention limit).

      E.    Excluding Delays From Running Of Clock

          1.    Automatic Or Specific Delays

Certain types of pretrial delay are automatically excluded from (i.e., not counted towards) the Act's time limits without regard to the reasonableness of the delay. <u>See</u>, 3161(h)(1)-(5); <u>Henderson v. United States</u>, 476 U.S. 321, 327-30 (1986). The Act also provides a broad exclusion

for delays due to a defendant's involvement in "other proceedings." 18 U.S.C. § 3161(h)(1) ("other proceedings" include legitimate examinations of the defendant's mental or physical capacity).

The Act offers several examples of delays considered to be "other proceedings," including pretrial motions requiring a court hearing and limited periods while courts consider pretrial motions that do not require a hearing. See, 18 U.S.C. § 3161(h)(1)(D), (H). See, United States v. Harris, 376 F.3d 1282, 1289-90 (11th Cir. 2004) (2-year delay excludable from filing of pretrial suppression motions to hearing on motions); United States v. Tinklenberg, 579 F.3d 589, 597 (6th Cir. 2009) (delay not excludable because motions did not require hearings); United States v. Brown, 285 F.3d 959, 961 (11th Cir. 2002) (per curiam) (delay not excludable resulting from "Motion for Determination of Speedy Trial Status and/or Trial Setting" because motion merely reminds court to comply with Act and is not motion within meaning of § 3161(h)(1)(D)). After the court receives all papers required for proper disposition of a motion, § 3161(h)(1)(H) allows the exclusion of up to thirty days while the motion is under advisement by the court. 18 U.S.C. § 3161(h)(1)(H); United States v. Phillips, 936 F.2d 1252, 1254 (11th Cir. 1991) (30-day limit applicable to motions not requring hearing before court).

### 2. "Ends Of Justice" Delays

The trial judge may also exclude delays caused by continuances granted by the court where the "ends of justice ... outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); see also id., § 3161(h)(7)(B) (listing factors judge shall consider in determining whether to grant continuance under paragraph (A)). Courts have interpreted this section broadly to provide trial judges with flexibility to deal with complex or unusual cases. See, e.g., United States v. Twitty, 107 F.3d 1482, 1488-90 (11th Cir. 1997) (delay attributable to essential witness unavailability for medical reasons excludable as "ends of justice" continuance).

Critically, however, the court must state its reasons in the record for excluding any such delay. See 18 U.S.C. § 3161(h)(7)(A); Zedner v. United States, 547 U.S. 489, 506 (2006) (Speedy Trial Act requires trial court to make express findings by the time trial court rules on defendant's motion to dismiss under the Act); United States v. Williams, 314 F.3d 552, 557 (11th Cir. 2002) (per curiam) (7-day continuance not excludable because court failed to make express "ends of justice" determination); United States v. Bryant, 523 F.3d 349, 361 (D.C. Cir. 2008) (continuance improper because trial court failed to make express "ends of justice" determination). In Zedner, for example, the Court

reasoned that the Act requires a district court to make express findings that a continuance fits within one of the specified exclusions of 18 U.S.C. § 3161(h). 547 U.S. at 503.

### F. Remedy For Violation -- Dismissal

A court must dismiss the charges if the defendant is not brought to trial within the Act's time limits. See 18 U.S.C. § 3162(a)(2). A defendant bears the burden of proving a violation of the Act, but the government has the burden of producing evidence concerning an exclusion of time under § 3161(h)(3). 18 U.S.C. § 3162(a)(2). And though the Court has the discretion to dismiss with or without prejudice, it must exercise that discretion by weighing three factors including (1) the seriousness of the offense; (2) the circumstances leading to dismissal; and (3) the effect of reprosecution on the administration of justice and the Act. See 18 U.S.C. § 3162(a)(1)-(2); United States v. Russo, 741 F.2d 1264, 1267-68 (11th Cir. 1984) (per curiam) (dismissal with prejudice proper because government ignorance responsible for its failure to prosecute within time allowed by the Act).

## II. The Violation Of These Standards

It can hardly be disputed that the delays in this case are violative of the Act. First, the Defendant obviously

has not been brought to trial within 70 days of his June 17, 2016 first appearance. Second, the Court has made no findings of exactly why the interests of justice have been served by the serial continuances, seriatim government discovery delays and baseless competency evaluation. As clearly set forth in Zedner, this Court's "ends of justice" rulings are unsupportable because they include no record findings supporting that conclusion. See, e.g., DE22, DE54, DE63; Zedner, 547 U.S. at 503.

The remaining issue is whether the dismissal of this matter should be with prejudice. Applying the standards set forth in § 3162(a)(1) and (2) of the Act, it is obviously not equitable to have the government lodge seven responses to the standing discovery order and repeatedly delay the case in order to gain a defendant's cooperation, only to have a trial date eventually set in which the necessary discovery is still being withheld. Accordingly, this Court should either dismiss the matter with prejudice or alternatively hold an evidentiary hearing to determine the exact reasons for the government's repeated delays and failure to provide the necessary discovery.

III. CONCLUSION

For all these reasons, it is respectfully requested that the matter be dismissed for violations of the Act and that the Court either terminate this action or hold the

-9-

appropriate evidentiary hearing required to flesh out whether the continuances have and will continue to be in the "ends of justice."

Dated: February 3, 2017

Respectfully submitted,

DAVID SCOTT HARRIS
Attorney for Gerti Muho
Fla. Bar No. 112739
6431 SW 39th Street
Miami, FL 33155
305-667-9044

## DECLARATION OF DAVID HARRIS

I, David Harris, declare:

1. I have personal knowledge of the following facts.

2. Since my involvement in this action, government lawyer _Brittain Shaw_ has repeatedly contacted me to gain the cooperation of Mr. Muho in its parallel prosecution of Alphonse Fletcher. _Brittain Shaw_ has consistently referred to Fletcher as "the target" of the "entire case."

3. In my discussions, I have inquired about the government's delays in responding to discovery and in taking the case to trial. _Sean McLaughlin_ has responded that he is "really interested in Fletcher." He generally glosses over the discovery and continuance issues.

4. The government's failure to respond to discovery in this matter is particularly troubling because, in my view, the charges against Mr. Muho are not only thin but largely unsupportable from the evidence I have seen. The pressure placed on Mr. Muho with the competency evaluation is particularly egregious because it is apparent that he could not possibly have such an issue.

5. In short, the government should not be rewarded for its continual delays and this matter should either be dismissed with prejudice or alternatively Mr. Muho should be given an opportunity to examine the government on the record to demonstrate the unique inequity of its delays in this

case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 3, 2017

_____
DAVID S. HARRIS