UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **16-20390-CR-BLOOM(s)(s)**

UNITED STATES OF AMERICA

vs.

GERTI MUHO,
         **Defendant.**
_____

## SECOND SPEEDY TRIAL REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Second Speedy Trial Report.

**I.   PROCEDURAL & FACTUAL BACKGROUND**

1) On or about March 14, 2016, the U.S. Attorney's Office for the Southern District of Florida, pursuant to a pending grand jury investigation as to Defendant Muho in this District, initiated an official request, as that term is defined within 18 U.S.C. § 3292(d), through DOJ's Office of International Affairs.  This official request sought records located in a foreign county, specifically Monaco.  Specifically, the request pertained to HSBC Private Bank (Monaco) records regarding Defendant Muho's unlawful transfer of approximately $2 million from Soundview Elite Ltd's account at HSBC Private Bank (Monaco) during August 2013.  During late December 2016, HSBC Private Bank (Monaco) was able to comply.  The requested records, totaling over 1,100 pages, finally arrived in this District on or about January 4, 2017 (Ex. #1).  Thereafter, the undersigned promptly provided these records to Defendant Muho in discovery (DE 65).

2) On or about May 16, 2016, Defendant Muho was arrested, in the Eastern District of New York (EDNY), pursuant to a sealed criminal complaint in this District charging violations

1

of 18 U.S.C. §§ 1344, 1343, and 1028A (DE 1, 11).

3) On or about May 26, 2016, a federal grand jury sitting in Miami, FL, returned a 36-count Indictment charging Defendant Muho with violations of 18 U.S.C. §§ 1344, 1343, and 1028A (DE 7).

4) Pending his removal to this District, Defendant Muho received a bond hearing in the EDNY (DE 11). On or about May 17 and May 20, 2016, the Defendant's requests for bond in the EDNY were denied (id.).

5) On or about June 17, 2016, Defendant Muho made his initial appearance in this District and arraignment was scheduled for June 22, 2016 (DE 20). That same day, this Court set a trial date of the two-week period beginning **August 19, 2016** (DE 18).

6) On or about June 22, 2016, a report re counsel hearing was held for Defendant Muho before U.S. Magistrate Judge Patrick M. Hunt. The Government and the Defendant stipulated to a $250,000 corporate surety bond, with a Nebbia requirement. Arraignment and another report re counsel hearing was set for July 7, 2016. U.S. Magistrate Hunt's order specifically stated: "For the reasons stated on the record, the time from today though the rescheduled date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. Time excluded from 06/22/16 until 7/7/16" (DE 22).

7) On or about July 7, 2016, a report re counsel hearing was held for Defendant Muho before U.S. Magistrate Judge Barry S. Seltzer. Defendant Muho was arraigned on the Indictment (DE 26). Upon Defendant Muho's arraignment, Judge Seltzer issued also the Standing Discovery (id.). That same day, Michael J. Rosen made a permanent

appearance as Defendant Muho's privately retained defense counsel (DE 25).

8) On or about July 11, 2016, this Court entered a protective order regarding the voluminous discovery in this case (DE 29).

9) On or about July 12, 2016, the parties filed a joint motion to continue trial (DE 30).  The continuance motion specifically cited Defendant Muho's recent arrival in the District and the voluminous discovery and requested a trial continuance of 3-6 months (id.).  The parties also jointly asked the Court to find: "1) the period of delay resulting from the granting of this continuance, to and including the date the trial commences, is excludable time in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.; and 2) the ends of justice are served by granting the continuance and outweigh the best interest of the public and the Defendant with regard to a speedy trial pursuant to 18 U.S.C. § 3161 because the failure to grant the continuance will prevent Defendant Muho from receiving an effective defense" (id.).

10) On or about July 12, 2106, the Court granted in part, and denied in part, the parties' motion (DE 31).  The Court continued trial to the two-week period beginning **September 12, 2016** (id.).  Pursuant the order, the Court specifically stated that "[t]he interests of justice served by a continuance outweigh any interest of the public or the[] Defendant[] in a speedy trial.  As a result, the period of delay resulting from this continuance from the date the Motion was filed, July 12, 2016, to including the date trial commences is excludable time under the Speedy Trial Act.  See 18 U.S.C. § 3161" (id.)

11) On or about July 15, 2016, the Government provided its First Response to the Standing Discovery Order (DE 32).  Thereafter, pursuant to the Standing Discovery Order, FED. R. CRIM. P. 16 ("Rule 16"), Local Rule 88.10, Brady, Giglio, and other case law obligations,

the Government has continually provided discovery in this case (DE 38, 45, 57, 63, 65, 68, 77, 93, 100, 136, 151, 164, 166).

12) On August 4, 2016, Mr. Rosen filed a written motion to withdraw as Defendant Muho's counsel (DE 34).  Mr. Rosen detailed various client meetings and stated that Defendant Muho "refused to discuss the discovery on either occasion, or the case" (id. at 2).  Mr. Rosen also noted a "complete inability to communicate (a refusal to discuss the case and the evidence); a directly stated complete lack of trust in [c]ounsel's advice; and a total inability to represent Mr. Muho to minimum standards of representation, not to mention standards far higher to which undersigned holds himself" (id. at 3).

13) On August 8, 2016, this Court held a hearing and granted Mr. Rosen's motion (DE 36, 37).  The Court appointed Silvia B. Pinera-Vazquez as Defendant Muho's new counsel (DE 37).  Upon receiving the case discovery back from Mr. Rosen, the Government promptly provided it to Ms. Pinera-Vazquez.

14) On or about August 24, 20116, Ms. Pinera-Vazquez filed an unopposed motion to continue trial (DE 39).  Ms. Pinera-Vazquez noted her recent appointment as defense counsel and requested a 60-day continuance in order to "effectively represent the defendant" (id.)  Ms. Pinera-Vasquez also highlighted the voluminous discovery and also stated "[b]ased on the amount of materials, it will be impossible to review the discovery, initiate a defense investigation and develop a defense strategy prior to the trial date" (id.).

15) On or about August 24, 2016, the Court granted the motion and continued trial to the two-week period beginning **November 14, 2016** (DE 40).  Pursuant the order, the Court specifically stated that "[t]he interests of justice served by a continuance outweigh any interest of the public or the Defendant in a speedy trial.  As a result, the period of delay

resulting from this continuance from the date the Motion was filed, August 24, 2016, to including the date trial commences is excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161" (id.).

16) On or about September 7, 2016, Ms. Pinera-Vazquez filed a written motion to withdraw as Defendant Muho's counsel (DE 41). Ms. Pinera-Vazquez detailed various client meetings and noted that Defendant Muho had "refused to discuss the case" and "lost trust in [her] and specifically stated he [does] not want counsel to represent him" (id. at 2). Additionally, she noted that "Mr. Muho ha[d] specifically discharged [Ms. Pinera-Vazquez] from representing him" (id. at 3).

17) On or about September 7, 2016, the Government filed a motion asking the Court to order that Defendant Muho undergo a psychological and psychiatric evaluation under 18 U.S.C. § 4241(b) and thereafter, conduct a competency hearing under 18 U.S.C. §§ 4241(a) and 4247(d) (DE 43). The Government highlighted Defendant Muho's refusal to engage with two (2) different defense counsel, including his voluminous, often bizarre, *pro se* pleadings in various civil cases (id.). Ms. Pinera-Vazquez filed a response and agreed "that a mental evaluation of Mr. Muho would be appropriate" (DE 47).

18) On or about September 8, 2016, a federal grand jury sitting in Miami, FL, returned a 37-count Superseding Indictment charging Defendant Muho with violations of 18 U.S.C. §§ 1344, 1343, and 1028A (DE 46).

19) On or about September 12, 2016, the Court ordered that Defendant Muho undergo a competency evaluation under 18 U.S.C. § 4241 and be remanded to the custody of the Attorney General (DE 48). The Court ordered the competency evaluation was due by October 12, 2106, and scheduled a status conference for October 14, 2016 (id.). The

Court's order specifically stated: "The period of delay resulting from the examination of the defendant and any subsequent judicial proceedings to determine the defendant's competency shall be deemed excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(A)" (id.).  The Court also denied Ms. Pinera-Vazquez's request to withdraw as Defendant Muho's attorney (DE 51).

20) On or about October 4, 2016, the Court issued an order rescheduling hearings (DE 52). The Court reset Defendant Muho's competency hearing, status conference, calendar call, and arraignment on the Superseding Indictment to **November 18, 2016** (DE 52).  The Court's order specifically stated that "[t]ime excluded from 9/13/16 the date the competency evaluation was ordered by agreement of the parties until the status conference re competcy is scheduled 11/18/16" (id.).

21) On or about November 14, 2016, the Court issued an order rescheduling hearings (DE 54).  The Court's order was based on a letter, dated October 25, 2016, from Federal Medical Center - Devens, in Ayer, MA, regarding the expected time it would take to complete Defendant Muho's competency evaluation (DE 53).  The Court reset Defendant Muho's competency hearing, status conference, and arraignment on the Superseding Indictment to **December 16, 2016** (DE 54).  The Court's order specifically stated: "Ends of Justice as to Gerti Muho Time excluded from 10/25/16 the date of the letter received from the department of justice regarding the completion of the competency evaluation - and until the status conference re competency is rescheduled 12/16/16" (id.).

22) On or about December 9, 2016, the Court issued an order rescheduling hearings (DE 56). The Court's order was based on a letter, dated December 8, 2016, from Federal Medical Center – Devens in Ayer, MA, noting the completion of Defendant Muho's competency

evaluation and his pending arrival back in this District (DE 55). The Court reset Defendant Muho's competency hearing, status conference, and arraignment on the Superseding Indictment to **January 6, 2017** (DE 56). The Court's order specifically stated: "Ends of Justice as to Gerti Muho Time excluded from 12/9/16 the date the letter was received from the Federal Bureau of Prisons regarding the completion of the defendant's competency evaluation - and until the status conference re competency is rescheduled to 1/6/17." (id.). Because Defendant Muho was still in transit to this District, the Court later scheduled these hearings for **January 9, 2017** (DE 60).

23) On or about January 5, 2017, Mr. David Scott Harris filed a notice of appearance as Defendant Muho's new privately retained counsel (DE 59).

24) On or about January 9, 2017, the Court conducted a competency hearing, status conference, and arraignment on the Superseding Indictment (DE 60, 62, 63). The Court scheduled trial beginning **February 21, 2017** (DE 63, 64). The Court's order specifically stated: "For the reasons stated on the record, the time from today though the rescheduled date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. Time excluded from 1/9/16 until 2/21/16" (id.).

25) On or about January 10, 2017, Defendant Muho filed a motion for bond (DE 66, 67). The Court scheduled a hearing for this motion for February 3, 2017 (DE 74).

26) On or about January 18, 2017, the Government filed a motion to preclude defense evidence, statements, and argument (DE 71, 86, 91). That same day, Defendant Muho filed a motion for discovery (DE 75, 79). On or about January 31, 2017, Defendant

    Muho filed a suppression motion (DE 92, 96) and motion to proceed *pro se* in his own defense (DE 90, 94).  On or about February 3, 2017, Defendant Muho filed a motion to dismiss due to purported Speedy Trial Act violations (DE 99).  The Court scheduled a hearing for certain of these motions for February 6, 2017 (DE 102).

27) On or about February 3, 2017, the Court conducted a hearing on Defendant Muho's motion for bond and motion to proceed *pro se* in his own defense (DE 103).  The Court denied Defendant Muho's motion for bond (DE 103), but granted his motion to proceed *pro se* (DE 109).  The Court set a February 7, 2017, deadline for any remaining motions and scheduled calendar call for February 14, 2017 (DE 103).

28) On or about February 5, 2017, the Government filed a Speedy Trial Act report and motion to exclude delay under the Speedy Trial Act (DE 106, 107, 108).

29) On or about February 6, 2017, the Court conducted a hearing on the remaining motions, including the Defendant Muho's Speedy Trial Act motion (DE 118).  The Court granted the Government's motion to exclude delay under the Speedy Trial Act (DE 112) and denied Defendant Muho's motion to dismiss based on the Speedy Trial Act (DE 114), motion to suppress evidence (DE 115), and motion for discovery (DE 117).  The Court rescheduled a hearing for the Government's motion to preclude defense evidence, statements, and argument for February 13, 2017 (DE 118, 119).

30) On or about February 6, 2017, the Government filed a motions to pre-admit evidence under FRE 404(b)/Inextricably Intertwined Doctrine (DE 122) and pre-admit business and public records (DE 125).  On or about February 7, 2017, the Government filed a motion to continue trial for two (2) weeks based on the undersigned's flu illness (DE 128).  That same day, Defendant Muho filed a motion to modify his bond (DE 131) and

motion for grand jury transcripts (DE 132).

31) On or about February 8, 2017, the Court conducted a hearing and denied the Government's motion to continue trial (DE 135). The Court scheduled a hearing for the remaining motions for February 13, 2017 (id.).

32) On or about February 13, 2017, the Court conducted a hearing. The Court granted the Government's motions to pre-admit evidence and business and public records (DE 147, 153), deferred ruling on the Government's motion to preclude (DE 146), and denied Defendant Muho's motions (DE 148, 149). The Government withdrew its earlier motion to continue trial, which the Court denied as moot (DE 150).

33) On or about February 13, 2017, Defendant Muho filed a notice of interlocutory appeal regarding his bond motion (DE 154) and a motion to stay proceedings pending the outcome of his appeal (DE 155).

34) On or about February 14, 2017, the Court granted Defendant Muho's motion to stay proceedings (DE 156). That same day, the Court conducted a hearing and granted Defendant Muho's request to cancel arrangements to view certain discovery (DE 157). The Court's order also specifically stated: "The defendant agrees to the tolling of speedy on the record and ORDER TO CONTINUE - Ends of Justice as to Gerti Muho Time excluded from 2/13/17 until the disposition of the appeal" (id.). In order to keep the case on the calendar, the Court scheduled calendar call for March 14, 2017, with trial to begin on **March 20, 2017** (id.).

35) On or about March 9, 2017, a federal grand jury sitting in Miami, FL, returned a 40-count Second Superseding Indictment charging Defendant Muho with violations of 18 U.S.C. §§ 1344, 1343, 1028A, and 1957 (DE 170). On or about March 14, 2017, Defendant

Muho was arraigned on the Second Superseding Indictment.

36) On or about March 14, 2017, the Court conducted a calendar call hearing (DE 174).  At the hearing, Defendant Muho reiterated his desire to continue pursuing his interlocutory appeal and stay proceedings.  The Court issued an order which specifically stated: "The defendant agrees to the tolling of speedy on the record and ORDER TO CONTINUE - Ends of Justice as to Gerti Muho Time excluded from 3/14/17 until the disposition of the appeal" (DE 174).  To maintain the case on the calendar, the Court also scheduled a status conference for **May 19, 2017** (id.).

## II.  SPEEDY TRIAL FINDINGS

The Speedy Trial Act ("STA") is set forth at 18 U.S.C. § 3161 et seq.  Among other things, it requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  If the defendant is arrested in a district other than the district of prosecution, the 70-day period begins with either the defendant's first post-indictment appearance before a judicial officer in the district of prosecution.  See, e.g., United States v. Hermanski, 861 F.2d 1240 (11th Cir. 1988); United States v. Wilkerson, 170 F.3d 1040 (11th Cir. 1999).

The 70-day time period may be tolled for certain statutorily enumerated reasons.  See 18 U.S.C. § 3161(h).  The STA also "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases.  To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time

10

[seventy days] within which trial must start." United States v. Zedner, 547 U.S. 489, 497 (2006).

Defendant Muho's STA includable and excludable days are set forth below:

Included Time:
- June 17-22, 2016 (5 days) + July 7-12, 2016 (5 days) + January 9-10, 2017 (1 day) = **11 days**

Excluded Time:
- June 22, 2016, to July 7, 2016 (DE 22)
    - 18 U.S.C. § 3161(h)(7)(B)(iv)

- July 12, 2016, to January 9, 2017 (DE 31, 40, 48, 52-56)
    - 18 U.S.C. §3161(h)(7)(B)(i)-(ii), (iv)
    - 18 U.S.C. § 3161(h)(1)(A)
    - 18 U.S.C. § 3161(h)(1)(D)
    - 18 U.S.C. § 3161(h)(1)(H)

- January 10, 2017, to disposition of Defendant Muho's interlocutory appeal (DE 63, 64, 66, 71, 74-75, 90, 99, 102, 122, 125, 131, 132, 146, 154-157, 174)
    - 18 U.S.C. § 3161(h)(1)(C)
    - 18 U.S.C. § 3161(h)(1)(D)
    - 18 U.S.C. § 3161(h)(1)(H)
    - 18 U.S.C. § 3161(h)(7)(B)(i)-(ii)(iv)

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:   *s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney
Court ID No. A5501121
99 NE 4th Street, 8th Floor
Miami, FL 33132
Phone: (305) 961-9013

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney
