**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.   16-20390-CR-BLOOM**

**UNITED STATES OF AMERICA**

**vs.**

**GERTI MUHO,**

            **Defendant.**
_____/

**COURT'S INSTRUCTIONS**
**TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption**
**of Innocence**

Your decision must be based only on the evidence presented during the trial.   You must not be influenced in any way by either sympathy for or prejudice against a Defendant or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.   You must not single out or disregard any of the Court's instructions on the law.

The superseding indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent.   The Defendant does not have to prove his or her innocence or produce any evidence at all.   A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt of each Defendant beyond a reasonable doubt.   If it fails to do so, you must find that Defendant not guilty.   A defendant has a right not to testify.   But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## Definition of Reasonable Doubt

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.   If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

2

**Consideration of the Evidence - Direct and Circumstantial**
**Argument of Counsel**
**Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.   The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statement**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.   And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.   People naturally tend to forget some things or remember them inaccurately.

4

So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.   The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth.   But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.   I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**Notetaking**

You've been permitted to take notes during the trial.   Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.   You must not give your notes priority over your independent recollection of the evidence.   And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Introduction to Offense Instructions**

The Second Superseding Indictment charges 40 separate crimes, called "counts," against the Defendant.   Each count has a number.   You'll be given a copy of this Second Superseding Indictment to refer to during your deliberations.   Counts 1-40 charge that the Defendant committed what are called "substantive offenses."

**Counts 1-17** charge that the Defendant committed bank fraud.    **Counts 18** charges that the Defendant committed wire fraud affecting a financial institution. **Counts 19** charges that the Defendant committed wire fraud.    **Counts 20-37** charge that the Defendant committed aggravated identity theft.   **Counts 38-40** charge that the Defendant committed money laundering. I will now explain the law governing these substantive offenses.

**Bank Fraud**
**18 U.S.C. § 1344(1) and (2)**

In **Counts 1-17**, the Defendant is charged with violating Title 18, United States Code, Section 1344(1) and (2).   It is a Federal crime to carry out or attempt to carry out a scheme to defraud a financial institution, or to get money or property owned or controlled by a financial institution by using false pretenses, representations, or promises.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution and/or to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

2) The false or fraudulent pretenses, representations, or promises were material;

3) The Defendant intended to defraud the financial institution or someone; and

4) The financial institution was federally insured, federally chartered, or in the business of financing or refinancing debts secured by an interest in real estate and whose activities affected interstate and foreign commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.   It doesn't matter whether only the most gullible could have been deceived by the scheme to defraud.   Also, a victim's negligence, or lack of effort, in failing to discover the scheme to defraud is not a defense.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the

7

speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud.   A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.   A fact is "material" if it has the capacity or natural tendency to influence a person's decision.   It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government doesn't have to prove all the details alleged in the superseding indictment about the precise nature and purpose of the scheme.   It also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.   What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the superseding indictment.

### Wire Fraud Affecting a Financial Institution
### 18 U.S.C. § 1343

In **Counts 18**, the Defendant is charged with violating Title 18, United States Code, Section 1343.   It is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

      1)  The Defendant knowingly devised or participated in a scheme to defraud, or to

obtain money or property by using false pretenses, representations, or promises;

2) The false pretenses, representations, or promises were about a material fact;

3) The Defendant acted with the intent to defraud;

4) The Defendant transmitted or caused to be transmitted by wire, radio, or television, some communication in interstate commerce to help carry out the scheme to defraud; and

5) The scheme to defraud affected a financial institution.

Use of the Internet and interstate faxes qualify as wire communications in interstate commerce under Title 18, United States Code, Section 1343.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises. It doesn't matter whether only the most gullible could have been deceived by the scheme to defraud. Also, a victim's negligence, or lack of effort, in failing to discover the scheme to defraud is not a defense.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the

9

statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the superseding indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire, radio, or television was itself false or fraudulent; or that using the wire, radio, or television was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire, radio, or television. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

In **Counts 18**, the Defendant is charged with breaking a law that actually covers two (2) separate crimes. A "lesser included offense" is a crime that isn't as serious as the other crime a defendant is charged with. If you find the Defendant not guilty of the crimes as charged in **Count 18**, you must determine whether the Defendant is guilty of the lesser included offense.

Proof of the lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in **Count 18**, except the scheme to defraud did not affect a financial institution.

Therefore, you may find the Defendant guilty of **Count 18**, even if the scheme to defraud did not affect a financial institution. So, if you find the Defendant guilty of **Count 18**, you must also unanimously agree whether the scheme to defraud affected a financial institution and specify as directed on the verdict form.

**Wire Fraud**
**18 U.S.C. § 1343**

In **Count 19**, the Defendant is charged with violating Title 18, United States Code, Section 1343.   It is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

2) The false pretenses, representations, or promises were about a material fact;

3) The Defendant acted with the intent to defraud;

4) The Defendant transmitted or caused to be transmitted by wire, radio, or television, some communication in interstate commerce to help carry out the scheme to defraud.

The same definitions given as to Court 18 apply to your determination as to Count 19.


**Aggravated Identity Theft**
**18 U.S.C. § 1028A**

In **Counts 20-37**, the Defendant is charged with violating Title 18, United States Code, Section 1028A.   It's a Federal crime to commit aggravated identity theft.

The Defendant can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant knowingly transferred, possessed, or used another person's means of identification;

2) Without lawful authority; and

3)  During and in relation to the eligible felony alleged in the superseding indictment.

A "means of identification" is any name or number used, alone or together with any other information, to identify a specific person, including a name, social security number, date of birth, officially issued driver's license or identification number, alien registration number, passport number, employer or taxpayer identification number, or electronic identification number or routing code.  It can also include a fingerprint, voice print or other biometric data.  Forging another's signature constitutes "use" of that person's name and thus, qualifies as a "means of identification" under Title 18, United States Code, Section 1028A.

The Government must prove that the Defendant knew that the means of identification, in fact, belonged to another actual person, living or dead, and not a fictitious person.

The Government must prove that the Defendant knowingly transferred, possessed, or used another person's identity "without lawful authority."   The Government does not have to prove that the Defendant stole the means of identification.   The Government is required to prove the Defendant transferred, possessed, or used the other person's means of identification for an unlawful or illegitimate purpose.

The Government also must prove that the means of identification was possessed "during and in relation to" the crime alleged in the superseding indictment.  The phrase "during and in relation to" means that there must be a firm connection between the Defendant, the means of identification, and the crime alleged in the superseding indictment.   The means of identification must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.   The means of identification at least must facilitate, or have the potential of facilitating, the crime alleged in the superseding indictment.

## Money Laundering

### 18 U.S.C. § 1957

In **Counts 38-40**, the Defendant is charged with violating Title 18, United States Code, Section 1957.   It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant knowingly engaged or attempted to engage in a monetary transaction;

2) The Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3) The property had a value of more than $10,000;

4) The property was, in fact, proceeds of wire fraud and wire fraud affecting a financial institution; and

5) The transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.   Car dealerships, domestic banks, foreign banks, and credit unions are "financial institutions."

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.   It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud or wire fraud affecting a financial institution.   But the

13

Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime.   The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

## Aiding and Abetting (Agency)
## 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.   A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime - not just proof that the Defendant was simply present at the scene of a crime or knew about it.   In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Good-Faith Defense**

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent — even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**Good-Faith Reliance upon Advice of Counsel**

Good-faith is a complete defense to the charge in the indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with intent to defraud. Evidence that the Defendant in good-faith followed the advice of counsel would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

• made a full and complete good-faith report of all material facts to an attorney he or she considered competent;

• received the attorney's advice as to the specific course of conduct that was followed; and

• reasonably relied upon that advice in good-faith.


**Duress and
Necessity**

The defendant has introduced evidence that he committed the acts charged in Counts 1 through 40 in the indictment because he was acting under duress or necessity. If you conclude that the government has proved beyond a reasonable doubt that the defendant committed the crime as charged, then you must consider whether the defendant's actions were justified by duress or necessity.

To find that the defendant's actions were justified as to a specific count, and therefore, that he is not guilty, the defendant must establish the following elements by a preponderance of the evidence:

First, that the defendant was under an unlawful, present, imminent and impending threat of such a nature as to induce a reasonable fear of death or serious bodily injury to himself or others;

Second, that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be put into the position of having to choose to engage in criminal conduct;

Third, that the defendant had no reasonable legal alternative to violating the law; that is, that he had no reasonable opportunity to avoid the threatened harm without committing the crime; and

Fourth, that the defendant reasonably believed that by committing the criminal acts he would avoid the threatened harm.

16

As I told you, the defendant has the burden of proving this defense by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the defendant has proved this defense, you may consider all of the testimony and evidence, regardless of who produced it.

It is important to remember that the fact that the defendant has raised this defense does not relieve the government of the burden of proving all of the elements of the crime, as I have defined them, beyond a reasonable doubt. If you find that the Defendant has met his burden as to any specific count in the indictment, you must find the defendant not guilty as to that count.

**Similar Acts Evidence**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the superseding indictment.

This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether: the Defendant had the state of mind or intent necessary to commit the crimes charged in the superseding indictment; the Defendant had the motive or opportunity to commit the acts charged in the superseding indictment; the Defendant acted according to a plan or in preparation to commit a crime; and/or the Defendant committed the acts charged in the superseding indictment by accident or mistake.

**Similar Acts Evidence - Identity**

During the trial, you heard evidence of acts allegedly done by the Defendant on other

occasions that may be similar to acts with which the Defendant is currently charged.   If you find the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggests the same person committed all of them.

The Defendant is currently on trial only for the crimes charged in the superseding indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the superseding indictment.

### On Or About a Particular Date; Knowingly

You'll see that the superseding indictment charges that a crime was committed "on or about" a certain date.   The Government doesn't have to prove that the offense occurred on an exact date.   The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

### Caution: Punishment

Each count of the superseding indictment charges a separate crime.   You must consider each crime and the evidence relating to it separately.   If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the superseding indictment.   You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

18

You must never consider punishment in any way to decide whether the Defendant is guilty.   If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.   Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.   So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.   But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.   The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.   When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.   Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or

question and give it to the marshal.   The marshal will bring it to me and I'll respond as promptly

as possible - either in writing or by talking to you in the courtroom.   But I caution you not to tell

me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.   16-20390-CR-BLOOM**


UNITED STATES OF AMERICA

vs.

GERTI MUHO,

      **Defendant.**

_____/

**VERDICT**

(1)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 1** of the Second Superseding Indictment:

        GUILTY _____               NOT GUILTY _____


(2)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 2** of the Second Superseding Indictment:

        GUILTY _____               NOT GUILTY _____


(3)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 3** of the Second Superseding Indictment:

        GUILTY _____               NOT GUILTY _____


(4)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 4** of the Second Superseding Indictment:

        GUILTY _____               NOT GUILTY _____

(5)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 5** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(6)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 6** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(7)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 7** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(8)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 8** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(9)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 9** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(10)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 10** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(11)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 11** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(12)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 12** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(13)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 13** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(14)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 14** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(15)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 15** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(16)   We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 16** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(17)     We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 17** of the

Second Superseding Indictment:

        GUILTY \_\_\_\_\_                NOT GUILTY \_\_\_\_\_


(18)     We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 18** of the

Second Superseding Indictment:

        GUILTY \_\_\_\_\_                NOT GUILTY \_\_\_\_\_

(a)     If you find the Defendant not guilty of **Count 18**, please skip to paragraph 19.

However, if you find the Defendant guilty as to **Count 18**, please now proceed to paragraph

18(b) below.

(b)     We, the Jury, having found the Defendant guilty of **Count 18**, further find with

respect to **Count 18** that the scheme to defraud (place an X in the appropriate box):

        (i)     Affected a financial institution      [     ]

        (ii)     Did not affect a financial institution  [     ]


(19)     We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 19** of the

Second Superseding Indictment:

        GUILTY \_\_\_\_\_                NOT GUILTY \_\_\_\_\_


(20)     We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 20** of the

Second Superseding Indictment:

        GUILTY \_\_\_\_\_                NOT GUILTY \_\_\_\_\_

(21)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 21** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_


(22)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 22** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_


(23)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 23** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_


(24)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 24** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_


(25)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 25** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_


(26)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 26** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(27)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 27** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(28)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 28** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(29)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 29** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(30)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 30** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(31)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 31** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(32)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 32** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                    NOT GUILTY \_\_\_\_\_

(33)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 33** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(34)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 34** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(35)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 35** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(36)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 36** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(37)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 37** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(38)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 38** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(39)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 39** of the Second Superseding Indictment:

GUILTY _____                    NOT GUILTY _____

(40)    We, the Jury, unanimously find the Defendant, **GERTI MUHO**, as to **Count 40** of the Second Superseding Indictment:

GUILTY \_\_\_\_\_                NOT GUILTY \_\_\_\_\_

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this \_\_\_\_ day of _____, 2017.

_____          _____
Foreperson's Signature                       Foreperson's Printed Name