UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20390-CR-BLOOM

UNITED STATES OF AMERICA,

v.

GERTI MUHO,

Defendant.
_____________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Gerti Muho's Motion for Compassionate Release.[1] ECF No. 416. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant seeks a sentence reduction for "extraordinary and compelling reasons" on two grounds: *first*, that the conditions of his confinement during the COVID-19 pandemic were more punitive than anticipated at his sentencing, in part because Defendant's medical profile "placed him at a statistically higher risk of severe complications from COVID-19," *id.* at 1-2; and *second*, that he is "the only individual capable of serving as [the] primary caregiver" for his mother, who reportedly suffers from conditions that "have rendered her legally blind," *id.* at 3. Having reviewed Defendant's motion, the Government's response (ECF No. 419), Defendant's reply (ECF No. 420), the pertinent portions of the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Compassionate Release, ECF No. 416, be **DENIED WITHOUT PREJUDICE**.

Although a district court generally "may not modify a term of imprisonment once it has been imposed," § 3582(c)(1)(A)(i) provides that the court may reduce a sentence of imprisonment

[1] This motion has been referred to the undersigned as a result of Magistrate Judge Marty Fulgueira Elfenbein's recusal, *see* ECF Nos. 421, 422.

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden* of the defendant's facility, whichever is earlier, . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The exhaustion requirement is 'mandatory, in the sense that a court must enforce the rule if a party properly raises it . . . .'" *United States v. Lee*, 848 F. App'x 872, 874 (11th Cir. 2021) (quoting *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)); *see also United States v. Rivero*, No. 21-10768, 2022 WL 168800, at *1 (11th Cir. Jan. 19, 2022) ("Although the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a non-jurisdictional claims-processing rule, a defendant must show that he satisfied the requirement if the government raises the issue before the district court."); *United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021) ("[D]efendants are generally required to comply with the exhaustion requirement in § 3582(c)(1)(A).").

Here, the Government has properly raised the exhaustion issue and has specifically argued that Defendant's motion must be denied due to Defendant's failure to exhaust his administrative remedies. *See* ECF No. 419 at 1, 7-8. As Defendant acknowledges, the warden at his facility "denied [his] request for compassionate relief [on] February 13, 2026." ECF No. 416 at 4; *see also* ECF No. 419-1 at 1. Moreover, as explained in the warden's denial, Defendant had the option to "appeal [the warden's denial by] using the Administrative Remedy process at the institutional level within (20) calendar days." ECF No. 419-1 at 1; *see also* 28 C.F.R. § 571.63(a) (providing that "[w]hen an inmate's request is denied by the Warden," the inmate "may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B)"). Defendant, however, did not appeal the warden's denial. Indeed, Defendant has not argued nor provided any evidence or indication whatsoever that he appealed the warden's decision, *see* ECF No. 416, and

Defendant's reply does not address, let alone refute, the Government's assertion, ECF No. 419 at 8, that Defendant "did not appeal and did not exhaust administrative remedies before filing his compassionate release motion with the Court." *See* ECF No. 420. This failure by Defendant to appeal the warden's denial is fatal to Defendant's current § 3582(c)(1)(A) motion. Once the warden denied Defendant's request, Defendant was required to "fully exhaust[] all administrative rights to appeal" that denial, *i.e.*, the "failure of the Bureau of Prisons to bring a [§ 3582(c)(1)(A)] motion on the defendant's behalf," before the Court may grant his request for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also, e.g.*, *United States v. Shuman*, No. 25-10069, 2025 WL 2794518, at *1 (11th Cir. Oct. 1, 2025) (holding that defendant "was required to appeal through the Administrative Remedy Program if he was dissatisfied with the [warden's] denial" and that "[t]he district court may only grant a motion for compassionate release after full exhaustion").

Because Defendant has failed to establish that he exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i), Defendant's motion for compassionate release must be denied, and the Court need not address the merits of Defendant's motion for compassionate release. *See, e.g.*, *Shuman*, 2025 WL 2794518, at *1 (concluding that, "[b]ecause the record evidence does not show any appeal [of the warden's denial], and, in turn, no final administrative decision, the district court correctly found that [defendant's] motion for compassionate release under § 3582(c)(1)(A) was unexhausted" and "the court was not obligated to consider whether [defendant] had presented an extraordinary and compelling reason for a sentence [reduction]"); *Rodrigues*, 847 F. App'x at 611 (affirming denial of compassionate release request under § 3582(c)(1)(A) where there was nothing in the record indicating that defendant "appealed a denial from the warden after making such a request").

For the reasons set forth above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Compassionate Release, ECF No. 416, be **DENIED WITHOUT PREJUDICE**.

Within fourteen (14) days from the date of this Report and Recommendation, that is, **by no later than September 8, 2026**, *see* Fed. R. Crim. P. 45(a)(1)(C), Defendant shall serve and file written objections, if any, to this Report and Recommendation with the assigned United States District Judge. Failure to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 23rd day of August 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Beth Bloom
Gerti Muho, *pro se*
Counsel of Record